FILED

Rev. 3/2016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
_____ DIVISION

OCT 1 5 2018

STEPHANIE J. BUTLER, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF NC

IN THE MATTER OF:

CASE NUMBER:

Debtor(s)

\* Amended Filing.

SCHEDULE C-1 - PROPERTY CLAIMED AS EXEMPT

I, Rodrigo Estrada, claim the following property as exempt pursuant to 11 U.S.C. § 522 and the laws of the State of North Carolina, and nonbankruptcy Federal law: (Attach additional sheets if necessary).

1. NCGS 1C-1601(a)(1) (NC Const., Article X, Section 2) REAL OR PERSONAL PROPERTY USED AS A RESIDENCE OR BURIAL PLOT (The exemption is not to exceed $35,000; however, an unmarried debtor who is 65 years of age or older is entitled to retain an aggregate interest in the property not to exceed $60,000 in value so long as the property was previously owned by the debtor as a tenant by the entireties or as a joint tenant with rights of survivorship and the former co-owner of the property is deceased, in which case the debtor must specify his/her age and the name of the former co-owner, if a child use initials only, of the property below).

| Description of Property and Address | Market Value | Owner (D1)Debtor 1 (D2)Debtor 2 (J)Joint | Mortgage Holder or Lien Holder | Amount of Mortgage or Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(1) |
|---|---|---|---|---|---|---|
| Single family residence 100 North Friars Chase Fuquay Varina NC 27526 | 165,000. | Rodrigo Estrada | Quicken loans | $100,000. | $165,000. | - |

Debtor's Age: 44.
Name of former co-owner: _____

VALUE OF REAL ESTATE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(1):   $_____.00

2. NCGS 1C-1601(a)(3) MOTOR VEHICLE (The exemption in one vehicle is not to exceed $3,500).

| Model, Year Style of Auto | Market Value | Owner (D1)Debtor 1 (D2)Debtor 2 (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(3) |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

VALUE OF MOTOR VEHICLE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(3):   $_____.00

3. NCGS 1C-1601(a)(4) (NC Const., Article X, Section 1) PERSONAL OR HOUSEHOLD GOODS (The debtor's aggregate interest is not to exceed $5,000 plus $1,000 for each dependent of the debtor, not to exceed $4,000 total for dependents). The number of dependents for exemption purposes is _____.

| Description of Property | Market Value | Owner (D1)Debtor 1 (D2)Debtor 2 (J)Joint | Lien Holder | Amount of Lien | Net Value | Claimed as Exempt Pursuant to NCGS 1C-1601(a)(4) |
|---|---|---|---|---|---|---|
| Clothing & personal | | | | | | |
| Kitchen appliances | | | | | | |
| Stove | | | | | | |
| Refrigerator | | | | | | |
| Freezer | | | | | | |
| Washing machine | | | | | | |
| Dryer | | | | | | |
| China | | | | | | |
| Silver | | | | | | |
| Jewelry | | | | | | |
| Living room furniture | | | | | | |
| Den furniture | | | | | | |
| Bedroom furniture | | | | | | |
| Dining room furniture | | | | | | |
| Television | | | | | | |
| ()Stereo ()VCR/DVD | | | | | | |
| ()Radio ()Video Camera | | | | | | |
| Musical Instruments | | | | | | |
| ()Piano ()Organ | | | | | | |
| Air conditioner | | | | | | |
| Paintings/Art | | | | | | |
| Lawn mower | | | | | | |
| Yard tools | | | | | | |
| Crops | | | | | | |
| Recreational Equipment | | | | | | |
| ()Computer | | | | | | |

**VALUE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(4) : $            .00**

**4. NCGS 1C-1601(a)(5) TOOLS OF TRADE** (The debtor's aggregate interest is not to exceed $2,000 in value).

| Description | Market Value | Owner (D1)Debtor 1 (D2)Debtor 2 (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(5) |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**VALUE CLAIMED AS EXEMPT PURSUANT TO NCGS-1C-1601(a)(5):   $           .00**

**5. NCGS 1C-1601(a)(6) LIFE INSURANCE** (NC Const., Article X, Section 5)

| Description | Insured | Last Four Digits of Policy Number | Beneficiary (if child, initials only) | Cash Value |
|---|---|---|---|---|
|  |  |  |  |  |

**6. NCGS 1C-1601(a)(7) PROFESSIONALLY PRESCRIBED HEALTH AIDS** (For Debtor or Debtor's Dependents, no limit on value).

| Description |
|---|
|  |

**7. NCGS 1C-1601(a)(8) COMPENSATION FOR PERSONAL INJURY, INCLUDING COMPENSATION FROM PRIVATE DISABILITY POLICIES OR ANNUITIES, OR COMPENSATION FOR DEATH OF A PERSON UPON WHOM THE DEBTOR WAS DEPENDENT FOR SUPPORT. COMPENSATION NOT EXEMPT FROM RELATED LEGAL, HEALTH OR FUNERAL EXPENSE.**

| Description | Source of Compensation, Including Name (If child, initials only) & Last Four Digits of Account Number of any Disability Policy/Annuity |
|---|---|
|  |  |

**8. NCGS 1C-1601(a)(2) ANY PROPERTY** [Debtor's aggregate interest in any property is not to exceed $5,000 in value of any unused exemption amount to which the debtor is entitled under NCGS 1C-1601(a)(1)].

| Description of Property and Address | Market Value | Owner (D1)Debtor 1 (D2)Debtor 2 (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(2) |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**VALUE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(2) :   $           .00**

**9. NCGS 1C-1601(a)(9) and 11 U.S.C. § 522 INDIVIDUAL RETIREMENT PLANS & RETIREMENT FUNDS**, as defined in the Internal Revenue Code, and any plan treated in the same manner as an individual retirement plan, including individual retirement accounts and Roth retirement accounts as described in §§ 408(a) and 408A of the Internal Revenue Code, individual retirement annuities as described in § 408(b) of the Internal Revenue Code, accounts established as part of a trust described in § 408(c) of the Internal Revenue Code, and funds in an account exempt from taxation under § 401, 403, 408, 408A, 414, 457, or 510(a) of the Internal Revenue Code. For purposes of this subdivision, "Internal Revenue Code" means Code as defined in G.S. 105-228.90.

| Type of Account | Location of Account | Last Four Digits of Account Number |
|---|---|---|
|  |  |  |

**10. NCGS 1C-1601(a)(10) FUNDS IN A COLLEGE SAVINGS PLAN**, as qualified under § 529 of the Internal Revenue Code, and that are not otherwise excluded from the estate pursuant to 11 U.S.C. §§ 541(b)(5)-(6), (e), not to exceed a cumulative limit of $25,000. If funds were placed in a college savings plan within the 12 months prior to filing, the contributions must have been made in the ordinary course of the debtor's financial affairs and must have been consistent with the debtor's past pattern of contributions. The exemption applies to funds for a child of the debtor that will actually be used for the child's college or university expenses.

| College Savings Plan | Last Four Digits of Account Number | Value | Initials of Child Beneficiary |
|---|---|---|---|

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |

**11. NCGS 1C-1601(a)(11) RETIREMENT BENEFITS UNDER THE RETIREMENT PLANS OF OTHER STATES AND GOVERNMENTAL UNITS OF OTHER STATES** (The debtor's interest is exempt only to the extent that these benefits are exempt under the laws of the state or governmental unit under which the benefit plan is established).

| Name of Retirement Plan | State Governmental Unit | Last Four Digits of Identifying Number |
|---|---|---|
|  |  |  |

**12. NCGS 1C-1601(a)(12) ALIMONY, SUPPORT, SEPARATE MAINTENANCE, AND CHILD SUPPORT PAYMENTS OR FUNDS THAT HAVE BEEN RECEIVED OR TO WHICH THE DEBTOR IS ENTITLED** (The debtor's interest is exempt to the extent the payments or funds are reasonably necessary for the support of the debtor or any dependent of the debtor).

| Type of Support | Amount | Location of Funds |
|---|---|---|
|  |  |  |

**13. TENANCY BY THE ENTIRETY.** The following property is claimed as exempt pursuant to 11 U.S.C. § 522 and the law of the State of North Carolina pertaining to property held as tenants by the entirety.

| Description of Property and Address | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
|  |  |  |  |  |

VALUE CLAIMED AS EXEMPT:  $         .00

**14. NORTH CAROLINA PENSION FUND EXEMPTIONS**

| | | |
|---|---|---|
| a. | North Carolina Local Government Employees Retirement benefits NCGS 128-31 |  |
| b. | North Carolina Teachers and State Employees Retirement benefits NCGS 135-9 |  |
| c. | Firemen's Relief Fund pensions NCGS 58-86-90 |  |
| d. | Fraternal Benefit Society benefits NCGS 58-24-85 |  |
| e. | Benefits under the Supplemental Retirement Income Plan for teachers and state employees are exempt from levy, sale, and garnishment NCGS 135-95 |  |
| f. | Benefits under the Supplemental Retirement Income Plan for state law enforcement officers are exempt from levy, sale, and garnishment NCGS 143-166.30(g) |  |

### 15. OTHER EXEMPTIONS CLAIMED UNDER LAWS OF THE STATE OF NORTH CAROLINA

| | | |
|---|---|---|
| a. | Aid to the Aged, Disabled and Families with Dependent Children NCGS 108A-36 | |
| b. | Aid to the Blind NCGS 111-18 | |
| c. | Yearly Allowance of Surviving Spouse NCGS 30-15 | |
| d. | Workers Compensation benefits NCGS 97-21 | |
| e. | Unemployment benefits, so long as not commingled and except for debts for necessities purchased while unemployed NCGS 96-17 | |
| f. | Group insurance proceeds NCGS 58-58-165 | |
| g. | Partnership property, except on a claim against the partnership NCGS 59-55 | |
| h. | Wages of debtor necessary for support of family NCGS 1-362 | |
| i. | Benefits under the Separate Insurance Benefits Plan for state and local law enforcement officers are exempt from levy, sale, and garnishment NCGS 143-166.60(h) | |
| j. | Vested benefits under the North Carolina Public Employee Deferred Compensation Plan are exempt from levy, sale, and garnishment NCGS 147-9.4 | |

### 16. FEDERAL PENSION FUND EXEMPTIONS

| | | |
|---|---|---|
| a. | Foreign Service Retirement and Disability Payments 22 U.S.C. § 4060 | |
| b. | Civil Service Retirement benefits 5 U.S.C. § 8346 | |
| c. | Railroad Retirement Act annuities and pensions 45 U.S.C. § 231m | |
| d. | Veterans benefits 38 U.S.C. § 5301 | |
| e. | Special pension paid to winners of Congressional Medal of Honor 38 U.S.C. § 1562 | |
| f. | Annuities payable for service in the General Accounting Office 31 U.S.C. 776 | |

### 17. OTHER EXEMPTIONS CLAIMED UNDER NONBANKRUPTCY FEDERAL LAW

| | | |
|---|---|---|
| a. | Social Security benefits 42 U.S.C. § 407 | |
| b. | Injury or death compensation payments from war risk hazards 42 U.S.C. § 1717 | |
| c. | Wages owing a master or seamen, except for support of a spouse and/or minor children 46 U.S.C. § 11109 | |
| d. | Longshoremen and Harbor Workers Compensation Act death and disability benefits 33 U.S.C. § 916 | |
| e. | Crop insurance proceeds 7 U.S.C. § 1509 | |
| f. | Public safety officers' death benefits 42 U.S.C. § 3796. See subsection (g) | |
| g. | Railroad unemployment insurance 45 U.S.C. § 352. See subsection (e) | |

### 18. RECENT PURCHASES
(a). List tangible personal property purchased by the debtor within ninety (90) days of the filing of the bankruptcy petition.

| Description | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| | | | | |

(b). List any tangible personal property from 18(a) that is directly traceable to the liquidation or conversion of property that may be exempt and that was not acquired by transferring or using additional property.

| Description of Replacement Property | Description of Property Liquidated or Converted that May Be Exempt |
|---|---|
|  |  |

19. The debtor's property is subject to the following claims:
a. Of the United States or its agencies as provided by federal law
b. Of the State of North Carolina or its subdivisions for taxes, appearance bonds or fiduciary bonds
c. Of a lien by a laborer for work done and performed for the person claiming the exemption. but only as to the specific property affected
d. Of a lien by a mechanic for work done on the premises, but only as to the specific property affected
e. For payment of obligations contracted for the purchase of specific real property affected.
f. For contractual security interests in specific property affected; provided, that the exemptions shall apply to the debtor's household goods notwithstanding any contract for a nonpossessory, nonpurchase money security interest in any such goods
g. For statutory liens, on the specific property affected, other than judicial liens
h. For child support, alimony or distributive award order pursuant to Chapter 50 of the General Statutes of North Carolina
i. For criminal restitution orders docketed as civil judgments pursuant to G.S. 15A-1340.38
j. Debts of a kind specified in 11 U.S.C. § 523(a)(1) (certain taxes), (5) (domestic support obligations)
k. Debts of a kind specified in 11 U.S.C. § 522(c)

| Claimant | Nature of Claim | Amount of Claim | Description of Property | Value of Property | Net Value |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

None of the property listed in paragraph 18(a), except qualified replacement property under 18(b), has been included in this claim of exemptions.

None of the claims listed in paragraph 19 is subject to this claim of exemptions.

I declare that to the extent any exemptions I have claimed appear on its face to exceed the amount allowed by the applicable statute, I claim only the maximum amount allowed by statute.

UNSWORN DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF INDIVIDUAL
TO SCHEDULE C-1 - PROPERTY CLAIMED AS EXEMPT

I, _Rodrigo Estrada_, declare under penalty of perjury that I have read the foregoing Schedule C-1 - Property Claimed as Exempt, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Executed on: 10/15/2018

_Rodrigo Estrada_
Debtor